**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**JOHNNY RAY WALLS-BEY** PLAINTIFF

v. No. 5:26-cv-18-BJB

**STEPHANIE PERLOW, ET AL.** DEFENDANTS

* * * * *

**ORDER**

*Pro se* Plaintiff Johnny Ray Walls-Bey sued Kentucky Family Court Judge Stephanie Perlow and others in U.S. district court in Arizona. He alleged that Perlow improperly assumed jurisdiction and ordered him to appear in a matter apparently related to family law. Complaint (DN 1) ¶ 1 (accusing the previously presiding judge of "fabricating evidence" and accusing Judge Perlow of wrongly taking "jurisdiction over a non-resident defendant and his children who are enrolled tribal members"). The District Judge denied a motion for emergency relief without prejudice, Walls-Bey took an interlocutory appeal, and the Ninth Circuit denied the appeal as premature. *See* DN 6 (order denying interim relief); DN 9 (appeal); *Walls-Bey v. Perlow*, No. 25-7703, 2026 WL 673748 (9th Cir. Jan. 27, 2026) (dismissing appeal for lack of jurisdiction). Then Judge Liburdi screened and dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2) before the Defendants filed responsive pleadings (or, apparently, even received service). *See* DN 13. And the Ninth Circuit dismissed another ill-fated appeal by Walls-Bey. *Walls-Bey v. Perlow*, No. 26-394, 2026 WL 1092252 (9th Cir. Jan. 27, 2026) (dismissing appeal for lack of jurisdiction). Finally, after Walls-Bey filed another motion for interim relief, the judge *sua sponte* transferred the case from Arizona to the Western District of Kentucky for lack of venue. DN 19 at 1.

When his case arrived here, Walls-Bey promptly filed an "emergency motion" to send the case back to Arizona. DN 23. To his mind, the transfer order was "clearly erroneous" and a "manifest injustice." *Id.* at 1 (emphasis deleted). Merits aside, Walls-Bey never made clear why a venue transfer constituted an emergency. Before a response arrived, though—and, in fact, before any of the Defendants appeared at all—Walls-Bey asked the Court to stay "all proceedings" pending a forthcoming petition for certiorari from his Ninth Circuit appeal (presumably his second one, though he didn't say). DN 24. Consistent with Walls-Bey's request, the Court took no further action, and Walls-Bey fell silent—even though the Supreme Court denied his petition months ago.

At this point, Walls-Bey's case has been pending in one or the other district for the better part of a year, no Defendant has appeared, nothing indicates any Defendant has been served, and any venue-related emergency that materialized in February 2026 has presumably passed. Since asking the Court to stay all proceedings, Walls-Bey has neither filed an update nor taken any visible action to advance his case.

The Court therefore denies as moot Walls-Bey's motion for a stay pending the disposition of his petition for a writ of certiorari (DN 24) and denies without prejudice his emergency motion for a venue transfer (DN 23). Regardless of whether venue is indeed proper in this District, Walls-Bey's motion offered no reason to think the transfer created an emergency. Nor any compelling reason why this Court should override the decision of a federal judge in Arizona and return the case to its sender. The immediate stay request and subsequent silence cast further doubt on any need for speed. Presumably events on the ground in state court have further developed in the intervening months—yet Walls-Bey hasn't filed any updates. On this record, therefore, the Court lacks good reason to treat this (possibly stale) request as an emergency and adjudicate it without the benefit of adversary presentation. Walls-Bey may, of course, renew his venue argumentation if he still prefers to transfer the case after the Defendants have been served.

To secure the just and speedy determination of this question and the rest of Walls-Bey's case, *see* FED. R. CIV. P. 1, the Court orders Walls-Bey to file a status report, no later than **September 14, 2026,** describing the current status of related litigation in other forums—including the proceedings before Judge Perlow. If Walls-Bey does not, the Court may dismiss his case for failure to prosecute. *See* FED. R. CIV. P. 41(b).

Benjamin Beaton, District Judge
United States District Court

August 17, 2026